**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2275-16T4

TANISHA C. LANE,

    Plaintiff-Respondent,

v.

WHOLE FOOD,

    Defendant-Appellant,

and

SILBERT REALTY AND MANAGEMENT
COMPANY, INC.,

    Defendant-Respondent.

_____

        Argued May 1, 2018 – Decided July 10, 2018

        Before Judges Carroll and DeAlmeida.

        On appeal from Superior Court of New Jersey,
        Law Division, Union County, Docket No. SC-
        1393-16.

        Danielle E. Gonnella argued the cause for
        appellant (Greenberg Traurig, LLP, attorneys;
        Danielle E. Gonnella, of counsel and on the
        brief).

        Respondents have not filed briefs.

PER CURIAM

Defendant Whole Foods Market Group, Inc.[1] (Whole Foods) appeals from a Special Civil Part judgment awarding damages to plaintiff Tanisha C. Lane, its employee, for vandalism to her car when it was parked in a shopping center parking lot while she was at work.  We reverse and remand.

I.

The following facts are derived from the trial record. Plaintiff is employed by Whole Foods at its store in Clark.  The store is located in Clark Commons, a 240,000-square-foot retail shopping center owned by Clark Commons, LLC.  Whole Foods is one of approximately twenty-eight tenants at the shopping center.

The lease between Whole Foods and Clark Commons, LLC unequivocally provides that the landlord is responsible for maintenance and security of the shopping center parking lot:

> (a) <u>Definition of Common Area</u>.  The "<u>Common Area</u>" shall include (1) the vehicle parking and other areas of the [shopping center] generally available for the use of all tenants and occupants in the [shopping center], including, without limitation, any common roadways, service areas, driveways, areas of ingress and egress, sidewalks and other pedestrian ways . . . .
>
> (b) <u>Landlord's Obligations</u>. Landlord, at its sole cost and expense . . . shall be responsible for installing, maintaining, repairing and keeping the Common Area in a

---

[1]  Plaintiff incorrectly identified defendant as "Whole Food" in her complaint.

> neat, clean, safe, good, and orderly condition and repair according to the highest reasonable standard for first-class shopping centers in the metropolitan area where the [shopping center is] located . . . . [T]o the extent that Landlord reasonably determines appropriate, Landlord shall provide security guards for the Common Area.

The property owner contracted with defendant Silbert Realty and Management Company, Inc. (Silbert) to fulfill its obligation to maintain and secure the common areas of the shopping center, including the parking lot. There are no security personnel assigned to the parking lot. Municipal police drive through the parking lot periodically.

It is undisputed that Whole Foods instructs its employees to park in an area of the shopping center parking lot distant from the entrance to the store. Written materials distributed to Whole Foods employees include a map of the shopping center parking lot with a shaded area considered appropriate for employee parking. Parking outside of the designated area by a Whole Foods employee may result in discipline, up to and including termination.

The parking area to which Whole Foods directs its employees is in the vicinity of a retail bank branch equipped with security cameras. The area is not delineated with signs, painted lines, or other markings. Nor is use of the area limited to Whole Foods employees. Instead, the area is part of the common space at the

A-2275-16T4

shopping center, open to any user, including the customers and employees of all of the shopping center's tenants. A representative of Whole Foods testified that Silbert asked Whole Foods, and the other shopping center tenants, to instruct employees to park away from the front of all stores at the shopping center to permit easy access for customers.

When plaintiff arrived for work on November 8, 2016, she parked in the area of the parking lot designated as employee parking by Whole Foods. At the conclusion of her shift, plaintiff discovered that the side view mirror of her vehicle had been removed. Plaintiff reported the damage to a supervisor, who suggested she contact Silbert.[2]

On December 19, 2016, plaintiff filed a complaint in the Special Civil Part against Whole Foods and Silbert seeking $1001.50 in damages incurred to repair her car.

---

[2] Plaintiff testified that the November 8, 2016 incident was the third time her car was damaged in the Clark Commons parking lot. In February 2016, the bumper of plaintiff's car was removed. In May 2016, the paint on the side of plaintiff's car was scratched. Plaintiff conceded that she did not notice the paint damage until she arrived home from work and that it could have occurred elsewhere. Plaintiff reported these incidents to a representative of Whole Foods. After the November 8, 2016 incident, Whole Foods allowed plaintiff to park in a space near the entrance to the store. The record contains no evidence of any other acts of vandalism in the Clark Commons parking lot.

A-2275-16T4

On January 10, 2017, at the conclusion of the trial, the court issued a bench opinion concluding that both Whole Foods and Silbert had a duty to protect plaintiff's vehicle while it was parked in the shopping center parking lot. The court determined that Silbert's duty was based on its contractual obligation to secure the common areas of the shopping center. The trial court held that Whole Foods created a duty to plaintiff when it instructed her to park in a particular area of the parking lot. The judge also concluded that both Whole Foods and Silbert were aware of prior incidents of vandalism to plaintiff's vehicle and breached their duty to plaintiff when they failed to take appropriate steps to protect her property. Finally, the court found that defendants' failure to act was the proximate cause of the damage to plaintiff's vehicle.

The court concluded that Silbert was seventy percent liable and Whole Foods thirty percent liable for the damage to plaintiff's vehicle. Plaintiff was awarded damages against Silbert in the amount of $701.05, along with $38.50 in costs, and against Whole Foods in the amount of $300.45, along with $16.20 in costs.

This appeal followed.

## II.

In order to prove negligence, a plaintiff must establish: (1) a duty of care to plaintiff; (2) a breach of that duty; (3)

proximate cause; and (4) actual damages. See Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008); Townsend v. Pierre, 221 N.J. 36, 51 (2015).

> Whether a person owes a duty of reasonable care toward another turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy. That inquiry involves identifying, weighing, and balancing several factors — the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.
>
> [Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993) (citing Goldberg v. Housing Auth., 38 N.J. 578, 583 (1962)).]

Whether a party owes a legal duty to another is a question of law. Carvalho v. Toll Bros. and Developers, 143 N.J. 565, 572 (1996). We review the trial court's interpretation of the law de novo. State v. Parker, 212 N.J. 269, 278 (2012).

We have previously examined the question of whether a commercial tenant in a multi-tenant shopping center owes a duty to business invitees in the common areas of the shopping center in two recent decisions. Those precedents guide the resolution of this appeal.

In Kandrac v. Marrazzo's Market at Robbinsville, 429 N.J. Super. 79 (App. Div. 2012), the defendant was a commercial tenant in a thirty-six-store shopping center. The lease provided that

the property owner was responsible for maintenance of the common areas of the shopping center, including the parking lot. Id. at 82. The plaintiff, a patron of the tenant, tripped on a raised area of the parking lot surface as she was walking from the tenant's store to her vehicle. She was injured in the fall, which happened about two feet outside of a crosswalk in a roadway that separates the tenant's store from the parking lot. Ibid. The plaintiff filed a complaint against both the tenant and the property owner, seeking damages for her injuries.

The trial court granted summary judgment in favor of the tenant. The court concluded that a commercial tenant in a multi-tenant facility owes no duty of care to its invitee for an injury that occurred in the common area of the shopping center. Id. at 83. We affirmed the trial court's decision.

After a review of the legal precedents expanding commercial property owners' duty of care to business invitees, we held that

> as a general rule, when a commercial tenant in a multi-tenant shopping center has no control or contractual obligation to maintain a parking lot shared with other tenants, the common law does not impose a duty upon the tenant to do so.

[Id. at 90-91.]

We recognized, however, that the "determination whether a duty exists remains a fact-sensitive issue," id. at 90, and

identified the factors to be considered when determining whether a duty of care should be imposed on a commercial tenant:

> (1) a recognition of the "considerable interest in and rights" the commercial landowner had regarding the property in question; (2) whether imposing a duty associated with those rights would be arbitrary; (3) whether a failure to impose the duty would leave innocent victims without recourse; (4) a recognition that the imposition of liability would give an incentive to landowners to care for the property in question; (5) whether the proximity of the place where the injury occurred to the business establishment would render a failure to impose a duty arbitrary; and (6) a recognition that the commercial landowner would treat the costs associated with additional insurance premiums and maintenance as one of the necessary costs of doing business.
>
> [Id. at 87-88 (quoting Stewart v. 104 Wallace St., Inc., 87 N.J. 146 (1981)).]

Applying those factors to the facts in Kandrac, we noted that the plaintiff fell in an area distant from the entrance to the tenant's store that was not in the tenant's control. Id. at 88. In addition, we held that the assignment of responsibilities in the lease limited the tenant's ability to address conditions in the parking lot not abutting the entrance to the tenant's store. Id. at 88-89. We also found that because it was clear that the property owner was liable for any negligence in the parking lot, the plaintiff would not be left without recourse if a duty of care

8

was not imposed on the tenant.  Id. at 90.  Finally, we noted that the assignment of "a duty on individual tenants in a multi-tenant commercial property might well be counter-productive," as it might "encourage shotgun litigation . . . where the customer sued every store at which he had browsed or purchased an item prior to his fall."  Ibid. (quotations omitted).

We concluded that, although a contractual obligation of the property owner to maintain the common areas of the parking lot "does not relieve [the tenant] of all duties to its customers regarding ingress and egress," id. at 88, the facts did not support imposing a duty of care on the tenant in that case.

Two months later, in Nielsen v. Wal-Mart Store #2171, 429 N.J. Super. 251 (App. Div. 2013), we examined the question of whether the owner of a commercial condominium retail store unit at a multi-unit shopping center had a duty of care to a business invitee injured on the threshold of the owner's store.  In that case, the unit owner's property included only the structure housing the retail store, and a small outside area designed for the sale of garden materials.  Id. at 254, n.1.  The developer of the shopping center, a condominium association, was contractually obligated to repair and maintain the common areas of the shopping center.  Id. at 254.

The plaintiff, an independent contractor hired by the condominium unit owner to exterminate pests, was directed by the unit owner to access the various entrances to the store from the exterior of the unit. Ibid. While setting rodent traps in an area outside of, but immediately adjacent to, the unit owner's property, the plaintiff was injured when he slipped on loose sand and gravel. Id. at 254, n.2. It was undisputed that the fall happened on the common area of the condominium association. Id. at 254-55.

The plaintiff sued the condominium unit owner for damages. More than two years later, he amended his complaint to include claims against the condominium association. The trial court granted summary judgment in favor of the association on statute of limitations grounds. Id. at 255.

A jury found the unit owner eighty percent liable for plaintiff's injuries. Ibid. The unit owner appealed, arguing, among other things, that it did not have a duty to plaintiff to maintain the common areas of the condominium association.

Applying the Hopkins factors noted above, we concluded that the unit owner owed its business invitee a duty to maintain the common area immediate abutting its property, to which it directed the invitee to perform his work. We departed from the rationale of Kandrac and gave the contractual allocation of responsibilities

between the unit owner and the condominium association "little weight," so as not to encourage the unit owner to "blithely turn a blind eye to any defects or hazards in common areas . . . foreseeably used by [its] invitees and passersby." Nielsen, 429 N.J. Super. at 260. In addition, we noted that imposition of a duty on the unit owner would not interfere with its right to seek indemnification from the condominium association under the contract. Id. at 261. We also held that in the absence of a duty on the part of the unit owner, an injured party would be left to ascertain the applicable contractual terms, including the identity of the condominium association, rather than simply seeking relief against the unit owner, whose identity, presumably, would be more readily apparent. Ibid.

We noted that the unit owner directed the plaintiff to use the common areas to access the entrances to the unit, and had "every opportunity to recognize and exercise care with regard" to the area immediately adjacent to its premises. Id. at 262. We concluded that the unit owner "is fairly chargeable with a duty to be familiar with the perimeter outside its unit and other common areas that its invitees and passersby might foreseeably use." Id. at 263.

After considering these precedents, we are convinced that the trial court erred in concluding that Whole Foods had a duty to

11

protect plaintiff's vehicle from vandalism. We agree with the holding in Kandrac that, as a general rule, when a commercial tenant in a multi-tenant shopping center has no control or contractual obligation to maintain a parking lot shared with other tenants, the common law does not impose a duty upon the tenant to do so. This is especially true where, as is the case here, the property owner assumes responsibility to maintain and secure the common areas of the shopping center in its lease with the tenant.

We disagree with the trial court's conclusion that Whole Foods assumed control of a portion of the Clark Commons parking lot by directing its employees to park in a specified area. While it is true that Whole Foods directed plaintiff to park in a designated area of the parking lot, it had no contractual right or apparent ability to control that portion of the parking lot. The designated area was delineated only in printed materials distributed by Whole Foods to its employees. No signs, painted lines, or other markings designated the area as limited to Whole Foods employees. Instead, the area was available for parking to all employees and customers of the shopping center's many tenants. Although the trial court made no factual findings on this point, the record contains evidence that Silbert requested Whole Foods and the other tenants to instruct employees to park away from spaces near the shopping center's stores to permit customer access.

The area in which plaintiff was instructed to park was not immediately adjacent to Whole Foods' leased space. The distant area of the parking lot was not "the perimeter outside its unit and other common areas that its invitees and passersby might foreseeably use." Nielsen, 429 N.J. Super. at 263. It was instead a somewhat remote area, selected because it was far from the entrances to the retail stores, and available to employees and customers of all of the tenants. Moreover, unlike the condominium unit owner in Nielsen, Whole Foods was not readily able to remedy known dangers in the area in which plaintiff's vehicle was damaged. Silbert had a contractual obligation and right to provide security in the parking lot at its discretion. It is unrealistic to conclude that Whole Foods could have provided security in the limited area of the lot to which it directed its employees.

Additionally, in light of plaintiff's successful claims against Silbert, a finding that Whole Foods did not have a duty to protect plaintiff's vehicle from vandalism will not leave her without a remedy. The trial court found Silbert liable for the damage to plaintiff's vehicle based on its clear contractual obligation to provide security in the parking lot, its knowledge of past incidents of vandalism, and its failure to remedy the situation.

A-2275-16T4

We therefore vacate the judgment against Whole Foods. As a result of this finding, we also conclude that the trial court's allocation of seventy percent liability to Silbert was erroneous. We remand the matter for the trial court to mold the judgment to allocate all liability for plaintiff's damages and costs to Silbert. N.J.S.A. 2A:15-5.2(d).[3]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Having determined that the trial court erred in concluding that Whole Foods owed a duty of care to plaintiff, we do not reach defendant's argument that plaintiff failed to establish that Whole Foods breached that duty, or that any acts or omissions of Whole Foods were the proximate cause of the damage to plaintiff's vehicle.